

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-16-2007

# Soesilo v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2014

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Soesilo v. Atty Gen USA" (2007). *2007 Decisions.* Paper 765.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/765

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2014

———————

LAURENTIUS SOESILO,

Petitioner

v.

ATTORNEY GENERAL
OF THE UNITED STATES,

Respondent

———————

On Petition for Review of an Order of
The Board of Immigration Appeals
Immigration Judge: Honorable Charles M. Honeyman
(No. A96-262-290)

———————

Submitted Under Third Circuit LAR 34.1(a)
July 13, 2007

Before: RENDELL, AMBRO, and NYGAARD, Circuit Judges

(filed: July 16, 2007 )

———————

OPINION

———————

AMBRO, Circuit Judge

Laurentius Soesilo, an ethnic Chinese person and a citizen of Indonesia, petitions

for a review of an order of the Board of Immigration Appeals (BIA) that affirmed, without opinion, the decision of an Immigration Judge (IJ) denying Soesilo's timely application for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). Because we conclude that Soesilo failed to establish a well-founded fear of persecution if he were to return to Indonesia, we deny the petition for review.[1]

To establish eligibility for asylum, an applicant must show a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. 8 U.S.C. § 1101(a)(42); *INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). To prevail on an asylum claim where the persecution occurs at the hands of non-governmental actors, Soesilo must show that the government is "unable or unwilling" to control them. *Matter of Acosta*, 19 I. & N. Dec. 211, 222 (BIA 1985), *overruled on other grounds by INS v. Cardoza-Fonseca*, 480 U.S. 421, 446 & n.30 (1987). For withholding of removal, an alien must prove that, if removed to his home country, he would "more likely than not" face threats to his life or freedom on the basis of the same factors noted for asylum. 8 U.S.C. § 1231(b)(3)(A); *INS v. Stevic*, 467 U.S. 407, 429–30 (1984) (setting forth the "more likely than not" standard for mandatory withholding); *Tarrawally v. Ashcroft*, 338 F.3d 180, 186 (3d Cir. 1986) (*en banc*).

---

[1] We have jurisdiction under § 8 U.S.C. 1252(a)(1). Because the BIA affirmed the IJ's decision without opinion, we review the IJ's decision directly. *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003) (*en banc*). We review the IJ's conclusion of law *de novo* and his findings of fact under the substantial evidence standard. *Touissaint v. Att'y Gen.*, 455 F.3d 409, 413 (3d Cir. 2006).

Soesilo alleged that he had been persecuted on the basis of race, religion, and membership within a particular social group. He based these allegations on two incidents. First, he testified that in July 1993 native Indonesians demanded money from his parents' photocopy store, threatened to burn down the place when no money was turned over, and later wrote a racist epithet on the store's door. Second, he reported that in the spring of 1998 rioters broke the store's glass window, damaged two copy machines, and inflicted bruises on Soesilo's stomach and face that placed him in the hospital for one week. He testified that his parents and sister have continued to work at the store and no other such incidents have occurred.

The IJ credited Soesilo's testimony, but found that the incidents did not rise to the level of persecution on account of any of the enumerated or alleged statutory bases.[2] Allegations by Indonesian citizens that they were persecuted "because they are ethnically Chinese and Christian [and] [m]ore specifically, . . . were robbed on separate occasions by unknown individuals who targeted them because of their ethnicity and their religion," have become a "familiar fact pattern." *Lie v. Ashcroft*, 396 F.3d 530, 532 (3d Cir. 2005). We have concluded that, while unfortunate, incidents of the type that Soesilo alleged do not rise to the level of persecution even if they were motivated by one of the enumerated

---

[2] Soesilo included religion as one of the bases on the ground that he was persecuted by Muslims because of his Christian religion. However, he admitted to the immigration judge that the incidents did not involve his religion, and he has not reasserted that religion was a motivating factor behind the crimes against his parents' store. Accordingly, we deem this argument waived.

statutory grounds for asylum because they are not "sufficiently severe." *Id.* at 536. Specifically, "two isolated criminal acts, perpetrated by unknown assailants, which resulted only in the theft of some personal property and a minor injury, is not sufficiently sever to be considered persecution." *Id.* Soesilo has alleged neither that the identity of the assailants is known nor that the government is unable or unwilling to control them. In addition, the following facts cut against Soesilo's assertion that he fears persecution if removed: he remained in Indonesia until 1999 when he came to pursue studies in the United States, and his family remains there until this day without incident.

For these reasons, we deny the petition for review.